IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONTE ROLANDO HARRIS, #37473-083, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 19-cv-00710-NJR ) |
| WILLIAM B. TRUE, | ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Donte Harris, an inmate who is incarcerated in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Harris challenges the 600-month sentence he received in *United States v. Harris*, No. 1-02-cr-0381 (D. Md. 2002). Relying on the United States Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016), Harris claims that his sentence as a career offender is improper. (Doc. 1). Harris seeks resentencing. (*Id*. at p. 8).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## BACKGROUND

Harris was indicted in the District of Maryland and pleaded guilty to eleven counts of

aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and (f) and two counts of using, carrying, brandishing and possessing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *United States v. Harris*, No. 1-02-cr-0381 (D. Md. 2002) ("criminal case") (Docs. 33 and 122). He originally entered a guilty plea with respect to Counts 1, 2, and 3 of the Second Superseding Indictment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and a presentence investigation report was prepared. But before sentencing, Harris withdrew the guilty plea. (Doc. 112, criminal case). After four days of a jury trial, Harris changed his mind once again, was re-arraigned, and entered guilty pleas to several counts of bank robbery and use and possession of a firearm in a crime of violence in violation of 18 U.S.C. §§ 2113 & 924(c). He was sentenced to a 600-month term of incarceration pursuant to a plea agreement on January 13, 2004. (Doc. 122, criminal case).

Harris filed three motions to vacate his sentence pursuant to 28 U.S.C. § 2255, and the District of Maryland denied all three motions.[1] Harris unsuccessfully appealed these decisions.[2] The Fourth Circuit Court of Appeals also denied his requests to file second or successive Section 2255 motions.[3] He then filed numerous Section 2241 petitions in Maryland, California, and Indiana.[4]

---

[1] *See Harris v. United States*, No. 05-cv-00140-WMN (D. Md. March 8, 2006) (dismissing Section 2255 motion); *Harris v. United States*, No. 06-cv-03080-WMN (D. Md. Dec. 6, 2006) (dismissing Section 2255 motion); *Harris v. United States*, No. 16-cv-02220-WMN (D. Md. May 30, 2017) (dismissing Section 2255 motion).

[2] *See Harris v. United States District Court*, App. No. 06-7663 (4th Cir. Nov. 20, 2006) (dismissing appeal for failure to prosecute); *United States v. Harris*, App. No. 06-6323 (4th Cir. Nov. 6, 2006) (granting voluntary dismissal); *United States v. Harris*, App. No. 06-7983 (4th Cir. Feb. 1, 2007) (affirming district court order denying motion to withdraw guilty plea); *United States v. Harris*, App. No. 07-6045 (4th Cir. Mar. 6, 2007) (dismissing appeal).

[3] *In re: Donte Rolando Harris*, App. No. 17-143 (4th Cir. Mar. 16, 2017) (denying application to file second Section 2255 motion); *In re: Donte Rolando Harris*, App. No. 17-223 (4th Cir. June 1, 2017) (same).

[4] *See Harris v. United States*, No. 06-cv-02065-WMN (D. Md Aug. 16, 2006) (dismissing Section 2241 action as "indecipherable"); *Harris v. Warden*, No. 06-cv-03073-WMN (D. Md. Dec. 6, 2006) (same); *Harris v. United States*, No. 07-cv-00189-WMN (D. Md. Jan. 30, 2007) (same); *Harris v. United States*, No. 07-cv-00266-WMN (D. Md. Feb. 7, 2007) (same); *Harris v. Smith*, No. 08-cv-01064-TAG HC (E.D.

## THE PETITION

In the instant Section 2241 Petition, Harris claims that his sentence as a career offender is improper in light of the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016). (Doc. 1). Harris asserts that his three Maryland burglary convictions no longer qualify as crimes of violence, and he is actually innocent of a fourth conviction for burglary with intent to steal at night (*Id*. at pp. 2, 6-8). Harris seeks resentencing. (*Id*. at p. 8).

## DISCUSSION

The Section 2241 Petition before this Court is duplicative of a Section 2241 Petition that Harris filed in the United States District Court for the Southern District of Indiana. *See Harris v. Krueger*, No. 17-cv-00338-JRS-MJD (S.D. Ind.) ("duplicative case"). The Southern District of Indiana dismissed the duplicative case *with prejudice* on February 21, 2019. (Doc. 41). The district court found that Harris failed to demonstrate a miscarriage of justice in his case because he specifically agreed to the sentence in his negotiated plea agreement. (Doc. 42). Harris filed several post-judgment motions that remain pending in the duplicative case (Docs. 43-50), including three motions that Harris filed after commencing this action (Docs. 48-50).

In the instant Section 2241 Petition, Harris raises the same arguments that the Southern District of Indiana already considered and dismissed in the duplicative case. Harris makes no claim that the law has changed or that new facts have come to light since his duplicative case was dismissed with prejudice. He instead seeks a second opinion. The Seventh Circuit Court of Appeals is the proper place to turn—not the Southern District of Illinois—if Harris wishes to appeal the

---

Ca. Oct. 23, 2008) (dismissing All Writs Act and/or Section 2241 action for lack of jurisdiction); *Harris v. Rios*, No. 09-cv-00898-WMW (E.D. Ca. Aug. 20, 2009) (voluntary dismissal); *Harris v. Rios*, No. 10-cv-02208-AWI-SMS (E.D. Ca. April 22, 2011) (dismissing Section 2241 action for failure to allege cognizable grounds for relief); *Harris v. Krueger*, No. 17-cv-00338-JRS-MJD (S.D. Ind. Feb. 21, 2019) (dismissing Section 2241 Petition brought pursuant to *Mathis*).

decision of the Southern District of Indiana. The instant Section 2241 Petition shall be dismissed.

In addition, Harris is **WARNED** that he may be subject to sanctions for further frivolous or duplicative filings in this District, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). In *Alexander*, the Seventh Circuit imposed a monetary sanction as well as an order that future filings by the petitioner would be deemed denied on the thirtieth day unless the Court entered an order to the contrary. *Alexander*, 121 F.3d at 315-16. In imposing these sanctions, the Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id.* at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Harris should refrain from future vexatious, frivolous, or duplicative filings, if he wishes to avoid these sanctions.

**DISPOSITION**

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice because it is duplicative of *Harris v. Krueger*, No. 17-cv-00338-JRS-MJD (S.D. Ind.). Further, Harris is hereby **WARNED** that his continued filing of petitions, papers, or claims that are clearly foreclosed or frivolous in future habeas actions may subject him to sanctions pursuant to *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

If Harris wishes to appeal this dismissal, he may file a Notice of Appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues Harris plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Further, if Harris does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2);

*Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Harris to obtain a certificate of appealability in an appeal from this petition brought under 28 U.S.C. § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 12, 2019**

                                                                 **NANCY J. ROSENSTENGEL**
                                                                  **Chief U.S. District Judge**